UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND McCOY,<br><br>    Plaintiff,<br><br>vs.<br><br>J. CLARK KELSO, Receiver, *et al.*,<br><br>    Defendants. | Case No. 1:14-cv-00518-RRB<br><br>**<u>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND</u>** |

Joseph Raymond McCoy, a state prisoner appearing *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983 against several officials of the California Department of Corrections and Rehabilitation.[1] McCoy is incarcerated at the California Substance Abuse Treatment Facility–Corcoran.

///

///

---

[1] In addition to J. Clark Kelso, Receiver, Plaintiff has named as Defendants: K. Alison (Acting Warden); Ken Clark (Warden); M. Tann (Associate Warden); J. Medina (Associate Warden); A. Enemoh (Chief Medical Officer); Angel Gonzales (Medical Officer); C. Stronach (R.N.); K. LeMay (LVN); L. Peters; D. Snell (Senior Hearing Officer); L. Gallagher (Senior Hearing Officer); R. Hall Appeals Coordinator); R. Gomez (Appeals Coordinator); S. Umi (Health Care Appeals Coordinator); J. Prud 'Homme (ADA Warden); M. Vella (Correctional Counselor); L. Peters (Physician's Assistant); A. Parker (Academic Instructor); E. Bailey (Academic Instructor); C. Beltran (Program Sergeant); R. Fisher, Jr. (Facility Captain); D. Plunkett (Hearing Officer); D. Stohl (Hearing Officer); J. Rivero (Senior Hearing Officer); H. Fierro (Correctional Officer); M. Hacker (Facility Captain); R. Quintana (Correctional Officer); and M. Solorio (Facility Sergeant).

**I.     SCREENING REQUIREMENT**

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[3] Likewise, a prisoner must exhaust all administrative remedies as may be available,[4] irrespective of whether those administrative remedies provide for monetary relief.[5]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal

---

[2] 28 U.S.C. § 1915A(a).

[3] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[4] 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[5] *See Booth*, 532 U.S. at 734.

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[8]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[9] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[11] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12]

## II.   GRAVAMEN OF COMPLAINT

McCoy, describing himself as having been diagnosed as "terminally ill," alleges that on June 14, 2009, he was transported to the Fresno Community Hospital for treatment of serious complications, i.e., inflamation with the discharge of puss and blood from his right foot with an attendant temperature of 101.9 degrees. After placing his foot in a splint, prescribing oral antibiotics and a wheelchair, McCoy was discharged the following day and returned to prison.

---

[8] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[9] *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[10] *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[11] *Id.*

[12] *Id.* (quoting *Twombly*, 550 U.S. at 555).

On June 23, 2009, McCoy's wheelchair was taken away, substituting crutches. Subsequently, McCoy was denied soft "specialized" footwear, instead being prescribed "ace-wraps." McCoy's Complaint asserts a claim of deliberate indifference to his serious medical needs divided into three sets of "Factual Allegations."

Also interspersed throughout his Complaint are allegations concerning mishandling or improper processing of his internal grievances and inappropriate disciplinary actions. It also appears that McCoy sought relief *vis-a-vis* his medical indifference claim in a *habeas corpus* proceeding in the California Superior Court, Kings County.

The Court also notes that in numerous instances McCoy refers to documentation concerning internal grievances and disciplinary actions without attaching copies of the documentation as exhibits to and incorporating them in his Complaint. Finally, nowhere in his Complaint does McCoy specify the relief he requests.

### III.    DISCUSSION

To the extent that McCoy raises the internal prison disciplinary actions their relevance to his deliberate indifference claim is unclear. Furthermore, McCoy's allegations with respect to the disciplinary proceedings to the extent that he alleges a loss of good-time credits do not constitute a viable civil rights claim under § 1983.[13]

---

[13] *See Heck v. Humphrey*, 512 U.S. 477, 480–82 (1994) (an inmate may not seek damages in a § 1983 claim when establishing the basis for the claim necessarily involves demonstrating that the conviction, sentence, or length of incarceration is invalid); *see also Edwards v. Balisok*, 520 U.S. 641, 643–47 (1997) (extending the *Heck* rule to § 1983 claims that, if successful, would imply the invalidity of deprivations of good-time credits provided for by prison disciplinary proceedings). *Heck* does not bar a § 1983 claim that "threatens no consequence for [an inmates'] conviction or the
(continued...)

Section 1983 suits do not support vicarious liability, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his or her rights.[14] To impose liability on a supervisor, the supervisor's wrongful conduct must be sufficiently causally connected to the constitutional violation.[15] That is, the official must "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."[16]

> A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir.1978) (*Johnson*) (emphasis added). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. [Citations omitted.][17]

To the extent that McCoy attempts to impose liability on the supervisors his allegations fall far short of this standard.

---

[13](...continued) duration of [his or her sentence.]" *Muhammed v. Close*, 540 U.S. 749, 751 (2004).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 691–95 (1978) (rejecting the concept of *respondeat superior* in the context of § 1983, instead requiring individual liability for the violation); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." (Citations omitted)).

[15] *See Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (*abrogated in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994)).

[16] *Id.* (internal quotation marks and citations omitted).

[17] *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoted with approval in *Tennison v. City and County of San Francisco.*, 570 F.3d 1078, 1096 (9th Cir. 2009)).

The Supreme Court, holding that the infliction of unnecessary suffering on prisoners violated the Eighth Amendment, stated:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.[18]

In *Estelle* the Supreme Court distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition," holding that only the former violates the Constitution.[19]  In short, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."[20]

In determining deliberate indifference, the court scrutinizes the particular facts and looks for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect.[21] Under *Estelle*:

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's

---

[18] *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976) (footnotes, internal quotation marks and citations omitted).

[19] *Id.* at 106.

[20] *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

[21] *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.  Yet, an inadvertent [or negligent] failure to provide adequate medical care alone does not state a claim under § 1983. A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs.  If the harm is an isolated exception to the defendant's overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.[22]

A defendant must purposely ignore or fail to respond to a prisoner's pain or medical need in order for deliberate indifference to be established. Where the claim is based upon delay in providing a specified treatment, a prisoner has no claim for deliberate medical indifference unless the delay was harmful.[23]

To make a claim, Plaintiff must show that Defendants exhibited "deliberate indifference to serious medical needs."[24]  Such a showing is sufficient to demonstrate the "unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."[25] "Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."[26] A mere difference of

---

[22] *Jett v. Penner*, 429 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks and citations omitted).

[23] *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

[24] *Estelle*, 429 U.S. at 105.

[25] *Id*. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)) (internal quotation marks and citation omitted)).

[26] *Toguchi v. Chung*, 391 F. 3d 1051, 1060 (9th Cir. 2004); *see Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is insufficient to establish a constitutional violation).

medical opinion regarding the course of medical treatment is "insufficient as a matter of law, to establish deliberate indifference."[27]

To the extent that his complaint is based upon the alleged deprivation of the use of a wheel-chair, at most he has alleged a difference in medical opinion, which, as noted above, is insufficient to establish medical deliberate indifference.[28]

McCoy's "ace-wraps" claim stands on a somewhat different footing. It is clearly established that prison officials have a duty under the Eighth Amendment to provide inmates with the necessities of life, including adequate shelter, food, clothing, sanitation, medical care, and personal safety.[29] Moreover, it is clearly recognized that the denial of adequate clothing under some circumstances could inflict pain.[30] As with medical necessity claims, prison condition claims have both an objective and subjective element. The objective element is based on the severity of the deprivation and the subjective on the prison official's knowledge of the risk of serious injury or pain being inflicted by consciously ignoring the prisoner's

---

[27] *Toguchi*, 391 F.3d at 1059–60 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)); *Franklin v. State of Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (noting, also, that a disagreement between a prisoner and a medical professional over the most appropriate course of treatment cannot give rise to a viable claim of deliberate indifference).

[28] The Court also notes that McCoy also asserts that, as a result of an internal disciplinary proceeding, he was adjudicated guilty of damaging the wheelchair, assessed a forfeiture of good-time credits, and ordered to pay $150 in repair costs. Thus, it appears that the deprivation of a wheelchair was at least in part as a result of McCoy's own wrongful action.

[29] *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994); *Keenan v. Hall,* 83 F.3d 1083, 1089 (9th Cir. 1996); *Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982) *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *Wright v. Rushen*, 642 F.2d 1129, 1132–1133 (9th Cir. 1981).

[30] *Walker v. Summer*, 14 F.3d 1415, 1421 (9th Cir. 1994).

needs.[31] The circumstances, nature, and duration of a deprivation of a necessity must be considered in determining whether a constitutional violation has occurred.[32] Thus, liability may be imposed for the failure to provide proper footwear even if there is no clearly defined immediate medical necessity.[33] The problem McCoy faces in this case is two-fold. First, his contention that the state shoes were inappropriate is based solely on his own self-serving contention. Second, it is not clear from the Complaint that the substitution of ace-wraps for the soft shoes he requested resulted in any additional injury or suffering, i.e., that the substitution resulted in a decrease in his ability to ambulate.[34]

As presently cast, McCoy's Complaint does not allege sufficient facts to constitute a viable deliberate indifference claim. While it may be unlikely that McCoy can adduce sufficient evidence to establish a viable deliberate indifference claim, the Court will nonetheless grant him leave to amend.[35]

---

[31] *See, e.g., Collins v. State*, 2006 WL 1587467, Slip Op. *2 (W.D. Va. June 6, 2006); *Lavender v. Lampert*, 242 F.Supp.2d 821, 845–846 (D. Or. 2002); *ASHANN-RA v. Commonwealth of Virginia*, 112 F.Supp.2d 559, 562–63 (W.D. Va. 2000).

[32] *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000), citing *Hoptowit,* 682 F.2d at 1259 ("[t]he more basic the need, the shorter the time it may be withheld").

[33] The Court finds the reasoning in *Lavender* persuasive: "a reasonable official who observed, or who was notified about, plaintiff's injuries sustained from inappropriate footwear, would know that delays or failure to mitigate or prevent further pain and damage would constitute 'unnecessary and wanton infliction of pain,' and would therefore violate an established constitutional right." The ultimate findings in *Collins* and *ASHANN-RA* are distinguishable from this case and *Lavender*. In neither case was there any evidence that the prisoner had suffered any serious pain, injury or other deleterious effect from the denial of properly fitting shoes.

[34] It also appears, albeit somewhat obliquely, that McCoy is alleging that the instruction that he change his dressings daily himself somehow constitutes deliberate indifference.

[35] *See Hartman v. California Dept. of Corr. and Rehab.*, 707 F.3d 1141, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); *Lopez v. Smith*, 203
(continued...)

## IV.     ORDER

The Complaint as against A. Enemoh (Chief Medical Officer); Angel Gonzales (Medical Officer); C. Stronach (R.N.); and L. Peters (Physician's Assistant) is hereby **DISMISSED** *with leave to amend*.

The Complaint as against Defendants J. Clark Kelso (Receiver); K. Alison (Acting Warden); Ken Clark (Warden); M. Tann (Associate Warden); J. Medina (Associate Warden); K. LeMay (LVN); D. Snell (Senior Hearing Officer); L. Gallagher (Senior Hearing Officer); R. Hall (Appeals Coordinator); R. Gomez (Appeals Coordinator); S. Umi (Health Care Appeals Coordinator); J. Prud 'Homme (ADA Warden); M. Vella (Correctional Counselor); A. Parker (Academic Instructor); E. Bailey (Academic Instructor); C. Beltran (Program Sergeant); R. Fisher, Jr. (Facility Captain); D. Plunkett (Hearing Officer); D. Stohl (Hearing Officer); J. Rivero (Senior Hearing Officer); H. Fierro (Correctional Officer); M. Hacker (Facility Captain); R. Quintana (Correctional Officer); and M. Solorio (Facility Sergeant) is hereby **DISMISSED** *in its entirety without leave to amend*.

Plaintiff is granted through and including **March 9, 2015**, within which to file an Amended Complaint consistent with this Order.

In amending his Complaint McCoy is reminded that:

1.   it should consist of a short statement of the facts entitling him to relief, identify the person or persons who committed the acts of which he complains, and specify the relief requested from each named defendant; and

---

[35](...continued)
F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (explaining that leave to amend should be given unless amendment would be futile).

2.  should have attached thereto copies of his internal grievances related to the claims asserted to the extent they may be in his possession, custody of control.

**IT IS SO ORDERED** this 5th day of February, 2015.

            S/ RALPH R. BEISTLINE
            UNITED STATES DISTRICT JUDGE