UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND McCOY,<br><br>　　　Plaintiff,<br><br>vs.<br><br>J. CLARK KELSO, Receiver, *et al.*,<br><br>　　　Defendants. | Case No. 1:14-cv-00518-RRB<br><br>**ORDER TO SHOW CAUSE** |

At **Docket 12** Joseph Raymond McCoy, a state prisoner appearing *pro se* and *in forma pauperis*, has moved for an extension of time within which to file an Amended Complaint under 42 U.S.C. § 1983 against several officials of the California Department of Corrections and Rehabilitation. In his motion McCoy refers to another action he has pending in this Court, *McCoy v. Gonzales, et. al.*, 1:12-cv-00983-AWI-DLB ("*McCoy I*"). The Court takes judicial notice of the pleadings and papers in that case.[1]

In screening this action, this Court dismissed all claims and defendants except McCoy's medical deliberate indifference claim against A. Enenmoh (Chief Medical Officer), Angel Gonzales (Medical Officer), C. Stronach (R.N.), and L. Peters (Physician's Assistant). In screening *McCoy I*, the Court dismissed the claims against A. Enenmoh, but

---

[1] Fed. R. Evid. 201; *see United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

permitted McCoy to proceed against Gonzales, and Stronach.[2] McCoy elected to proceed on the cognizable claims.[3]

A comparison of the issues raise in *McCoy I* to the Complaint in this cases shows that McCoy has brought an action against essentially the same Defendants, arising out of the same facts alleged in this action. The record in *McCoy 1* reflects that pending in that action is Defendant's motion for summary judgment,[4] which McCoy has opposed.[5] Defendant's reply is due March 23, 2015.[6] McCoy's request for additional time is predicated upon the time and effort he was required to devote in opposing summary judgment in *McCoy I*.

This Court first examines whether the causes of action in McCoy's two suits are identical. In doing this, the Court uses the same transaction test used in the context of claim preclusion, i.e., the events are related to the same set facts and could be conveniently tied together.[7] In applying the transaction test, this Court examines four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether

---

[2] *McCoy I,* Docket 18.

[3] *McCoy I*, Docket 20.

[4] *McCoy I*, Docket 65.

[5] *McCoy I*, Docket 77.

[6] *McCoy I*, Docket 79.

[7] *Adams v. Calif. Dept. of Heath Svcs.*, 487 F.3d 684, 689 (9th Cir. 2007) (*overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008)).

the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.[8]

The fourth of these is the most important.[9]

In this case it is clear that the two actions share a common transactional nucleus of facts. The claims in both cases relate to the same set of facts and form a convenient trial unit because they disclose a cohesive narrative of the acts and omissions of the agents of the California Department of Corrections and Rehabilitation.

With respect to the parties, the claims as against Enenmoh, Gonzales, and Stronach were, or will, be finally resolved in *McCoy I*. With respect to L. Peters this Court notes that in his original Complaint in *McCoy I* McCoy named L. Peters as a defendant.[10] However, in his Amended Complaint in *McCoy I* McCoy omitted L. Peters as a defendant.[11] By omitting Peters as a defendant in his Amended Complaint in *McCoy I* McCoy essentially abandoned any claim he might have had against Peters.[12] This Court is not inclined to allow McCoy to circumvent the effect of his voluntary dismissal of his claims against Peters by allowing him to bring this successive action.[13]

---

[8] *Id*. (quoting *Western Sys., Inc. v. Ulloa* , 958 F.2d 864, 871 (9th Cir. 1992)).

[9] *Id.*

[10] *McCoy I*, Docket 1.

[11] *McCoy I*, Docket 17.

[12] See *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc) (recognizing "the general rule . . . that an amended complaint supercedes the original complaint and renders it without legal effect")

[13] See *Stewart v. U. S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (explaining that claim preclusion "prohibits lawsuits on any claims that were raised or could have been raised in a prior action" (citation and internal quottion marks omitted)).

Accordingly, on before **April 10, 2015**, Plaintiff must show cause why this action should not be **DISMISSED**.

In the event that this action is not dismissed, the Court will grant Plaintiff a reasonable time within which to file an Amended Complaint.

Plaintiff's Request for Extension of Time at **Docket 12** is **DENIED** as moot.

**In the event Plaintiff fails to comply with this Order within the time specified, or such later time as the Court may order, a judgment of dismissal may be entered without further notice.**

**IT IS SO ORDERED** this 6th day of March, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE